UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

```
MARY KIM PICCININI, and          )    3:17-cv-00584-HDM-WGC
GEORGE ELDRIDGE & SON, INC.,     )
                                 )
              Plaintiffs,        )    ORDER
                                 )
vs.                              )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
              Defendant.         )
_____)
```

Before the Court is the Defendant United States of America's ("Defendant") partial motion to dismiss (ECF No. 9) made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs Mary Kim Piccinini and George Eldridge & Son, Inc., (collectively "Plaintiffs") have opposed (ECF No. 14), and Defendant has replied (ECF No. 17).

**I.  BACKGROUND**

This case is brought under the Federal Tort Claims Act ("FTCA") and arises from a prescribed burn initiated by the United States Forest Service on public land in White Pine County, Nevada, in 2012, that expanded into areas outside the prescribed burn area

1

causing damage to Plaintiffs' properties (*See* ECF No. 1). Plaintiffs brought suit against Defendant asserting claims for: (1) negligence; (2) nuisance; (3) trespass; (4) strict liability; and (5) res ipsa loquitur (*Id.* at 5-7). Plaintiffs also seek punitive damages and attorney's fees (*Id.* at 7).

**II. LEGAL STANDARDS**

    **A. Motion to Dismiss under Fed.R.Civ.P. 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may be made on the basis that the complaint fails to allege grounds for federal subject matter jurisdiction as required by Fed.R.Civ.P. 8(a). *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992); *Thornhill Publ'g Co. v. General Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). Although the defendant is the moving party on a motion to dismiss, it is the plaintiff who, as the party seeking to invoke the court's jurisdiction, bears the burden of establishing subject matter jurisdiction.[1] *Hexom v. Oregon Dept. of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999). The court in effect presumes that it lacks jurisdiction until the plaintiff proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

The nature of the burden of proof varies, however, depending on whether the motion is a facial or factual attack on the complaint. When considering a Rule 12(b)(1) motion attacking a complaint on its face, the plaintiff must affirmatively allege the

---

[1] With respect to a threshold motion to dismiss for lack of subject matter jurisdiction, if the plaintiff can show any arguable basis in law for the claim made, he may survive a Fed.R.Civ.P. 12 (b)(1) motion. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

2

existence of federal jurisdiction because the court will not infer it from the allegations. *TOSCO v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *citing Smith v. McCullough*, 270 U.S. 456, 459 (1926). Also, with a facial attack, the court must presume that the plaintiff's allegations are true. *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000). In contrast, no presumption of truth attaches to the plaintiff's allegations with a factual attack. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A federal court presumptively lacks subject matter jurisdiction "unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. California State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989).

**B. Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)**

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court can grant the motion only if it is certain that the plaintiff will not be

3

entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

**III. DISCUSSION**

Defendant moves to dismiss Plaintiffs' claims for negligence, nuisance, strict liability, res ipsa loquitur, and the request for punitive damages and attorney's fees (*See* ECF No. 9).

**A. Strict Liability and Request for Punitive Damages and Attorney's Fees**

First, Plaintiffs do not oppose dismissal of their strict liability claim or their request for punitive damages and attorney's fees. (*See* ECF No. 14 at 2). Accordingly, Defendant's motion to dismiss the strict liability claim and prayer for punitive damages and attorney's fees is granted. The portion of Plaintiffs' complaint alleging strict liability shall be dismissed and the prayer for punitive damages and attorney's fees is denied.

**B. Res Ipsa Loquitur**

Defendant argues that Plaintiffs cannot present an independent claim for res ipsa loquitur because res ipsa loquitur is a theory of liability rather than a separate cause of action (ECF No. 9 at 3). The Court agrees.

"Res ipsa loquitur is an exception to the general negligence rule, and it permits a party to infer negligence, as opposed to affirmatively proving it, when certain elements are met." *See Woosley v. State Farm Ins. Co.*, 18 P.3d 317, 321 (Nev. 2001). "[R]es ipsa loquitur is a theory of liability or a method of establishing liability for negligence; it is not a separate cause of action." *See Zander v. Tropicana Entertainment, Inc.*, 2014 WL

4

794212, at *2 (D. Nev. Feb. 16, 2014) (dismissing res ipsa loquitur claim with prejudice). The res ipsa loquitur doctrine is "merely a rule of evidence, not a substantive rule of law." *Las Vegas Hosp. Ass'n, Inc. v. Gaffney*, 64 Nev. 225, 234 (Nev. 1947). The res ipsa loquitur doctrine in an FTCA case is determined by Federal law and federal law under *Zander* prohibits consideration of res ipsa loquitur as a separate cause of action. Accordingly, Plaintiffs' res ipsa loquitur claim, as a substantive claim, is dismissed.

**C. Negligence and Nuisance: Exhaustion of Administrative Remedies**

Defendant next argues that Plaintiffs failed to administratively exhaust their claims for negligence and nuisance and therefore the Court lacks subject matter jurisdiction over those claims (ECF No. 9 at 4-10).

The FTCA allows suits against the United States for certain torts committed by government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). A plaintiff cannot initiate such action against the United States unless the claimant has first presented the claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). The requirement of exhaustion of administrative remedies is jurisdictional in nature and may not be waived. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).

The purpose of the exhaustion requirement is to encourage administrative settlement of claims and avoid unnecessary litigation. *Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir. 1985). A claimant "need only file a brief notice or statement with the relevant federal agency containing a general description of the

time, place, cause and general nature of the injury and the amount of compensation demanded." *Goodman v. U.S.*, 298 F.3d 1048, 1055 (9th Cir. 2002)(citing *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 779 (9th Cir. 1984); *Avery v. U.S.*, 680 F.2d 608, 610 (9th Cir. 1982)). Further, "a plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court." *Goodman*, 298 F.3d at 1055. A plaintiff is "not required to provide [the agency] with a preview of the details of his federal complaint, nor required to describe in more than minimal detail the factual predicate for his claim." *Id.* at 1056.

In this case, the Court finds that Defendant has been provided sufficient notice of Plaintiffs' negligence and nuisance claims within the meaning of § 2675(a). All that is necessary in terms of detail is the provision of enough facts for the government to begin an investigation. *Shipek*, 752 F.2d at 1355. Here, Plaintiffs' administrative claims make clear that they are based upon a fire that "burned beyond boundaries of controlled burn, engulfing [private property]" and an "expansion of fire to other [private] areas outside the 'prescribed' area" causing their private property to be destroyed. (*See* ECF Nos. 10-1 at 4; 10-2 at 2). The factual allegations presented by Plaintiffs would place a reasonable person on notice of the potential for negligence or nuisance claims relating to a uncontrolled prescribed burn damaging private property. Further, the administrative claims adequately provide a general description of the time, place, cause and general nature of the injury and the amount of compensation demanded. *(See* ECF Nos. 10-1, 10-2). Accordingly, Defendant's motion to dismiss

Plaintiffs' negligence and nuisance claims for lack of subject matter jurisdiction is denied.

**IV. CONCLUSION**

For the reasons stated above, it is hereby ordered that Defendant's motion to dismiss (ECF No. 9) is **DENIED** as to Plaintiffs' First and Second Claims for relief.  The motion to dismiss is **GRANTED** as to Plaintiffs' Fourth Claim for relief.

It is further ordered that Defendant's motion to dismiss Plaintiffs' Fifth Claim for Relief for Res Ipsa Loquitur as a substantive claim is **GRANTED**.  This will not preclude Plaintiffs from raising, to the extent it is supported by the evidence, the doctrine of Res Ipsa Loquitur as a procedural rule of evidence.

It is further ordered that Plaintiffs' prayer for punitive damages and attorney's fees is **DENIED.**

**IT IS SO ORDERED.**

DATED: This 30th day of April, 2018.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE